## Perkins v. Watsula

*Jay H. Karsch*, for plaintiff.
*Gordon G. Erdenberger, Frederick E. Smith, Alan D. Williams, Jr.* and *Edward C. German*, for defendants.

BECKERT, *P.J.,* May 11, 1978—An action in trespass was instituted by a complaint seeking damages resulting from the death caused by the drowning of Donald E. Perkins, Jr. Original defendants joined Barbara MacQuarrie, Jacqueline Lewis, Margaret Buzogany, J. Bradford Sharp and Eugene S. Kohan as additional defendants.

Depositions of the individual defendants and additional defendants have been taken and interrogatories propounded. The answers to the interrogatories reveal that defendant Morrisville Borough School District (school district) has in its possession a statement taken from all or some of individual defendants and additional defendants, which statement purportedly contains the details of the drowning of Donald E. Perkins, Jr.

A rule has been entered on the school district to show cause why such statement should not be produced to plaintiff, which rule the school district has

answered by stating that the statements are protected by Pa.R.C.P. 4011(d) and therefore the school district seeks a protective order in its favor.

Pennsylvania Rule of Civil Procedure 4011(d) provides:

"No discovery or inspection shall be permitted which

". . . (d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses."

There have been many cases in this Commonwealth that have wrestled with the problem as to what is protected under Rule 4011(d) and we believe most, if not all, of those cases are cited in one of three leading cases on this subject namely: Holowis, Adm. v. Philadelphia Electric Company, 38 D. & C. 2d 260 (1966); Brunson v. Southeastern Pennsylvania Transportation Authority, 68 D. & C. 2d 422 (1975); and Green v. Southeastern Pennsylvania Transportation Authority, 75 D. & C. 2d 206 (1976). These cases and the cases cited therein all appear to stand for the proposition that the ultimate decision as to whether or not to compel production of a statement such as the one in the instant case turns on the question of fairness and this in part hinges on whether the party procuring the statement has obtained the same in a routine fashion as opposed to gathering the information in anticipation of litigation. If it is the former the statement should be produced, but if the school district procured the information anticipat-

ing litigation, the statement should be free from the discovery process.

It should also be noted that all cases seem to be uniform on the question of who must shoulder the burden of showing that the information sought to be discovered comes within the exception of Rule 4011(d) and it is nearly universally held that that burden firmly rests upon the party objecting to discovery and therefore in this case the burden is upon the school district to convince us that the statement was procured and gathered by it in anticipation of litigation. We fail to find based upon the record presented to us that the school district has met that burden and merely because the school district says that it procured the statement in anticipation of litigation, does not prove that fact and therefore does not meet the burden of proof required of the school district.

We therefore conclude that "fairness" would dictate that plaintiff have access to the statement prior to trial. It appears that those giving the statement were employes (school teachers) of defendant school district and the statement that was given in a routine manner following the incident involving the deceased who was a pupil of the same school district at the time his death occurred. Certainly individual defendants and additional defendants may be, and have been, deposed concerning the incidents on oral deposition and therefore to hold that they may be so deposed but that their written report of the incident to their employer is not discoverable would be self-contradictory.

Therefore, in accordance with the above, we enter the following

## ORDER

And now, May 11, 1978, the rule heretofore

granted on defendant Morrisville Borough School District to show cause why statement or statements of Elizabeth Watsula, Barbara MacQuarrie, Jacqueline Lewis, Margaret Buzogany, J. Bradford Sharp and Eugene S. Kohan should not be produced is hereby made absolute and defendant Morrisville Borough School District is ordered and directed to supply plaintiff with such statement or statements within 20 days from the date hereof. The motion of the Morrisville Borough School District for a protective order is denied and refused.